IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
v.                                §
                                  §          Civ. No. L-13-210
                                  §
MAGALI AGUIRRE-MARIN              §
                                  §
                                  §

MEMORANDUM OPINION

Pending before the Court is Magali Aguirre-Marin's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which was filed by her counsel. (Dkt. 1-1.) On August 27, 2013, Aguirre-Marin was sentenced to 180 days' confinement after pleading guilty to illegal entry. (P.O. No. L-13-11855, Dkt. 3.) The Bureau of Prison's website indicates that she is still in custody. BOP Inmate Locator, http://www.bop.gov/Locate/.

Aguirre-Marin's Petition does not challenge her conviction or sentence in the 2013 illegal entry case. Instead, she challenges the legality of a 2010 conviction, where she pleaded guilty to False Representation to be a U.S. Citizen. (Dkt. 1-1.) She alleges that her counsel in the 2010 case was ineffective because he did not advise her about a potential defense or about the immigration consequences of her guilty plea. (Dkt. 1-1 at pp. 6-8.)

In the 2010 case, Aguirre-Marine was sentenced to six months' imprisonment and one year of supervised release. (Crim. No. L-10-1786, Dkt. 24.)  This § 2241 petition was filed after the full expiration of the 2010 sentence.  Therefore, habeas corpus relief would normally be unavailable.  See Maleng v. Cook, 109 S.Ct. 1923, 1925-26 (1989).

However, relief may be available if Aguirre-Marin alleges a "positive and demonstrable nexus" between her current custody and the challenged 2010 conviction.  Willis v. Collins, 989 F.2d 187, 189 (5th Cir. 1993) (per curiam) (quoting Young v. Lynaugh, 821 F.2d. 1133, 1137 (5th Cir. 1987)).  Such a nexus is shown, for example, when a later sentence would have been lower "[b]ut for" a prior conviction.  Willis, 989 F.2d at 189.  Here, however, Aguirre-Marin does not allege such a nexus.  The prior conviction did not lead to or enhance her 2013 illegal entry conviction or sentence.  Indeed, the Complaint and Judgment in the 2013 illegal entry case do not even refer to the prior conviction.  (P.O. No. L-13-11855, Dkt. 1 and 3.)  Therefore, Aguirre-Marin's current custody does not have a sufficient nexus to the 2010 conviction, and she cannot challenge the 2010 conviction under § 2241 because she is no longer "in custody" for that conviction.  See 28 U.S.C. § 2241(c)(1)-(4) (prisoner must be "in custody" for writ of habeas corpus to issue).

Accordingly, Aguirre-Marin's Petition (Dkt. 1-1) shall be dismissed.

DONE at Laredo, Texas, this 4th day of February, 2014.

George P. Kazen
Senior United States District Judge